NATIONAL TREASURY EMPLOYEES UNION, Plaintiff,

v.

Alan K. CAMPBELL * et al., Defendants.

Civ. A. No. 75-2173.

United States District Court, District of Columbia.

June 30, 1977.

---

* Alan K. Campbell is substituted as a defendant pursuant to Rule 25(d)(1), Fed.R.Civ.P.

**44**

Robert M. Tobias, Gen. Counsel, National Treasury Employees Union, Washington, D. C., for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Earl Silbert, U. S. Atty., Stanley D. Rose and C. Max Vassanelli, Attys., Dept. of Justice, Washington, D. C., for defendants.

### MEMORANDUM

WADDY, District Judge.

This action for declaratory and injunctive relief and for damages challenges the Government-Wide Service Benefit Plan health insurance rates, and that rate making procedure, as established under the Federal Employees Health Benefits Act of 1959 (hereinafter Act), as amended, 5 U.S.C. §§ 8901–8913.

Plaintiff National Treasury Employees Union is a public employee union whose membership is comprised of persons employed by the United States Treasury Department and the Federal Energy Administration. The union brings this suit in its own name, and as the exclusive bargaining representative of those union members enrolled in the Service Benefit Plan. Defendants are the Chairman of the United States Civil Service Commission (hereinafter Commission), the Director of the Commission's Bureau of Retirement, Insurance and Occupational Health, and the United States.

Counts I and IV of the complaint charge that the health insurance rate increases established for 1976 are excessive and violative of the Commission's duty to set rates which "reasonably and equitably reflect the cost of the benefits provided." 5 U.S.C. § 8902(i). Count IV specifically alleges that the inclusion in the health insurance rates of a "public service charge" is unreasonable, inequitable, and contrary to the Health Benefits Act. Counts II and III further allege that the Commission has failed to comply with the requirements and policies of the applicable Federal Procurement Regulations, 41 C.F.R., Ch. 1, in contracting for federal employee health benefits for the years 1976 and 1977, respectively.

This case came on before the Court on June 21, 1977 for a hearing on defendants' motion to dismiss pursuant to Rule 12(b)(1), Fed.R.Civ.P., for lack of subject matter jurisdiction, or in the alternative for summary judgment pursuant to Rule 56(b), Fed.R. Civ.P. Also before the Court are plaintiff's unopposed motions to add plaintiffs and to add defendants. Having considered the arguments raised in the various memoranda filed in support of and in opposition to defendants' motion, the complaint, the arguments of counsel at the hearing, and the entire record herein, the Court concludes for the reasons hereinafter set forth that the motion to dismiss should be granted with respect to Counts I and IV of the complaint, and that the motion for summary judgment should be granted with respect to Counts II and III of the complaint. Accordingly, plaintiff's motions to add parties, having no effect upon the Court's determination of defendants' motion, should be denied as moot.

Plaintiff invokes the jurisdiction of this Court pursuant to 5 U.S.C. § 8912 and 28 U.S.C. §§ 1361, 2201. Declaratory judgment relief under 28 U.S.C. § 2201 is available only "[i]n a case of actual controversy within [a court's] jurisdiction . . . ." Therefore, defendants' motion to dismiss requires, first, a determination of whether jurisdiction exists under either 5 U.S.C. § 8912 or 28 U.S.C. § 1361.

5 U.S.C. § 8912 provides that:

The district courts of the United States have original jurisdiction, concurrent with the Court of Claims, of a civil action or claim against the United States founded on this chapter.

The concurrent jurisdiction of the Court of Claims is expressly referenced by section 8912. It seems the intent of the drafters that the jurisdiction conferred upon the district courts be for the same types of actions under the Act as are properly brought in the Court of Claims.

At the outset the Court notes that although the United States is joined as a defendant, presumably as an attempt to comply with 5 U.S.C. § 8912, this action is

fundamentally a challenge to the practices of the Commissioners of the Civil Service Commission. Counts I and IV of this complaint seek a *de novo* review of the Commission's rate making functions. Plaintiff would have this Court substitute its judgment for the judgment and expertise already exercised by the Commission.

Establishment of health insurance rates and rate readjustments under the Health Benefits Act are Congressionally committed to the judgment of the Commission. 5 U.S.C. § 8902(i). An examination of the Act reveals no standard of review upon which this Court might act if jurisdiction were proper under 5 U.S.C. § 8912.

The language of Justice Douglas in *Panama Canal Co. v. Grace Line, Inc.,* 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958) appears particularly appropriate here:

> . . . [T]he present conflict rages over questions that at heart involve problems of statutory construction and cost accounting . . . . These are matters on which experts may disagree; they involve nice issues of judgment and choice, [citation omitted], which require the exercise of informed discretion. [citations omitted] The case is, therefore, quite unlike the situation where a statute creates a duty to act and an equity court is asked to compel the agency to take the prescribed action. *Panama Canal Co., supra,* 356 U.S. at 317–8, 78 S.Ct. at 757.

■ Similarly, the complex accounting and actuarial matters involved in setting health insurance rates for federal employees should be left to the expertise and judgment of the Civil Service Commission. These are not matters contemplated by a section 8912 claim against the United States. The *pro forma* joinder of the United States as a defendant notwithstanding, counts I and IV of this complaint would not be cognizable by the Court of Claims, 28 U.S.C. § 1491. Accordingly, the Court concludes that Section 8912 is not an appropriate basis for jurisdiction of counts I and IV of this complaint.

The alternative jurisdictional basis alleged, 28 U.S.C. § 1361, provides that:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

With respect to the first and the fourth counts of this action defendant Civil Service Commissioner has performed his duty under 5 U.S.C. § 8902 to contract and set rates for a federal employee health insurance plan. Plaintiff does not seek mandamus to compel Commission action, but, rather, seeks review of the reasonableness and equitable nature of actions taken. As there is no failure to perform a duty, there is no jurisdiction as to counts I and IV of the complaint under the mandamus statute, 28 U.S.C. § 1361. It follows that since there is no independent grant of jurisdiction under either 5 U.S.C. § 8912 or 28 U.S.C. § 1361, declaratory judgment relief under 28 U.S.C. § 2201 is not available to plaintiff as to counts I and IV.

■ In counts II and III plaintiff seeks to have this Court order the Commission to comply with the applicable Federal Procurement Regulations (FPRs). At the hearing defendants and plaintiff agreed that mandamus jurisdiction, 28 U.S.C. § 1361, is proper as to the allegations of these two counts. These claims present the alternative situation alluded to in *Panama Canal, supra.* Here there is alleged a statutory duty upon the Commission to adhere to the applicable FPRs, and the Court is asked to compel the requisite agency action. The jurisdiction of this Court being settled, defendants' motion in the alternative for summary judgment must now be considered by the Court.

In support of its alternative motion for summary judgment defendants have submitted affidavits and exhibits attesting to the fact that the Commission has been and continues to be in compliance with the applicable FPRs. Plaintiff has submitted no counter-affidavit or exhibit with respect to this aspect of the case, but relies exclusively upon denials in its pleadings. Rule 56(e), Fed.R.Civ.P., provides:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Inasmuch as plaintiff has failed to set forth any specific facts which show there is a genuine issue of a material fact as to counts II and III of the complaint, summary judgment on those counts must be entered in favor of the defendants.

Upon consideration of the foregoing this Court will dismiss counts I and IV of the complaint for lack of subject matter jurisdiction, grant summary judgment on counts II and III of the complaint in favor of the defendants, and deny plaintiff's motions to add parties as moot.